IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RUFINA VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT USA,<br><br>    Defendant. | §§§§§§§§§§§§§<br><br>Civil Action No. 7:25-cv-00039-O |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Remand (ECF No. 10), filed July 9, 2025. Chief United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and determination or recommendation by Order entered on July 10, 2025. ECF No. 11. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion.

**I.    BACKGROUND**

This is a personal injury case. On March 17, 2023, Plaintiff Rufina Vasquez entered the Home Depot store on Kell East Blvd in Wichita Falls, Texas. ECF No. 1-2 at 5. Vasquez asserts that as she made her purchases at the checkout counter, an unrestrained metal cart struck her and rammed her into the counter. ECF No. 1-2 at 5. Vasquez alleges that this incident caused her injuries and pain. ECF No. 1-2 at 5.

Vasquez filed her original petition on March 14, 2025, in the 30th Judicial District Court of Wichita County, Texas against Defendant Home Depot U.S.A., Inc. Vasquez sought monetary relief of "$250,000.00 or less." ECF No. 1-2 at 4. On April 23, 2025, Home Depot timely removed

the case to this Court based on diversity jurisdiction. ECF No. 1 at 1. Vasquez moved to remand the case to state court on July 9, 2025, arguing that the amount in controversy was less than $75,000.00 and offering to stipulate that fact. ECF No. 10.

For the reasons stated below, the undersigned concludes that Home Depot properly removed the case to this Court, and Chief Judge O'Connor should deny Vasquez's Motion to Remand (ECF No. 10).

## II.   LEGAL STANDARDS

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in state court of which the district courts of the United States have original jurisdiction. The defendant removed this case based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at 1. A district court can properly exercise jurisdiction on diversity of citizenship only if: (1) the parties are of completely diverse citizenship; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1441(a). After the defendant removes a case to federal court, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Wells Fargo Bank, N.A. v. Adams*, No. 3:13-CV-1353-O, 2013 WL 3829494, at *2 (N.D. Tex. July 24, 2013) (citing 28 U.S.C. § 1447(c)).

"When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)). And "[a]s the party seeking removal, [the removing defendan[t] bear[s] the burden of proving" both complete diversity and that the amount in controversy requirement is met. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013). If the plaintiff's state court petition "demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing § 1446(c)(2)). If the complaint "does

not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing § 1446(c)(2)(A)). The defendant's notice of removal must only include a short and plain statement plausibly alleging the claim meets the requisite jurisdictional amount and does not "need to prove [the amount] to a legal certainty." *Id.* at 88-89 (citing H.R. Rep. No. 112-10, at 16 (2011)).

If the plaintiff does not contest the defendant's amount-in-controversy allegation, the court should accept the allegation. *Id.* at 87. If the plaintiff contests it, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.*

### III.   ANALYSIS

#### A.   The parties are completely diverse.

For purposes of diversity jurisdiction, Vasquez is a resident and citizen of Texas. ECF No. 1 at 2. Home Depot is a corporation incorporated in Delaware with its principal place of business in Georgia and thus is a citizen of both Delaware and Georgia. *Id.* The first requirement of diversity jurisdiction is satisfied because at the time of filing, both parties were completely diverse.

#### B.   The amount in controversy does not supports removal.

##### a.   Vasquez's original petition did not state a sum certain.

When pleading in Texas state court, if a plaintiff's original pleading "specifies a dollar amount, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). If the plaintiff requests damages of an indeterminate amount, the removing defendant must show "by a preponderance of the evidence that the amount in controversy" has been met. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The defendant can meet that burden in one of two ways: (1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that

3

support a finding of the requisite amount." *Guijarro* 39 F.4th at 314 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Under Texas Rule of Civil Procedure 47, a pleading stating a claim for monetary relief must include "a statement that the party seeks" monetary relief in a range of dollar amounts recover rather than a specific sum. When a plaintiff seeks monetary relief in the range of $250,000.00-$1,000,000.00 or relief over $1,000,000.00, this pleading is sufficient for removal whether viewed as a sum certain or indeterminate amount. *Werder v. Allstate Fire & Cas. Ins. Co.*, 731 F. Supp. 3d 724, 735 (N.D. Tex. 2024). It makes no difference which view a court takes of such a range because it is "either a request for a specific amount of damages that exceeds $75,000 and which the Court presumes is controlling, or it is an indeterminate amount of damages from which it is facially apparent that [the plaintiff] seeks in excess of $75,000." *Id*. (citing *Torres v. Guardsmark, LLC*, No. 5:15-CV-184 RP, 2016 WL 11602002, at *3 (W.D. Tex. Aug. 3, 2016)).

However, a Texas state court pleading that seeks damages of $250,000.00 or less "is, for purposes of 28 U.S.C. § 1446(c)(2), an 'indeterminate' or 'unspecified amount of damages[,]' [b]ecause 'an amount less than or equal to $250,000 could be greater than $75,000, or it could be less than $75,000.'" *Werder*, 731 F. Supp. 3d at 736 (citing *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022)). And without more, such a pleading also does not "make it facially apparent [for the removing defendant's necessary showing] that the . . . amount in controversy is satisfied." *Id.*

Here, Vasquez's original state court petition complaint sought monetary relief using the range of "$250,000.00 or less" but did not state an exact amount. ECF No. 1-2 at 4. Therefore, the petition did not state a sum certain of damages that Vasquez sought to recover.

4

### b. Home Depot has not shown that the amount in controversy requirement was met.

Because Vasquez's petition did not plead for a sum certain of damages in excess of $75,000.00, Home Depot had the burden of showing "by a preponderance of the evidence that the [claim met the] amount in controversy." *De Aguilar* 11 F.3d at 55. As discussed above, ordinarily the removing defendant can make this showing through "establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro* 39 F.4th at 314. However, Vasquez's petition pleading a range of less than $250,000.00 in damages does not make it facially apparent that the jurisdictional amount was met. *Werder* 731 F. Supp. 3d at 736. Therefore, Home Depot was required to show by a preponderance of the evidence that the jurisdictional amount was met. Home Depot could meet this burden by offering summary judgment type evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Home Depot has not done so here.

To determine whether jurisdiction exists, the Court reviews the complaint at the time the pleading is filed. *Brown*, 901 F.2d at 1254. Although Vasquez offered to stipulate that her claim would not exceed $75,000.00, this alone is insufficient to defeat the Court's diversity jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A binding stipulation can meet the plaintiff's burden to establish to a legal certainty that the claim is for less than the jurisdictional amount and defeat removal jurisdiction. *Id.* However, the stipulation must be filed "*with* their complaint[]; once a defendant has removed the case . . . later filings [are] irrelevant." *Id.* (emphasis added) (citing *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

## IV. CONCLUSION

Because Vasquez's state court petition did not state a sum certain of damages that exceeded

5

$75,000.00 and Home Depot did not offer any evidence to show that the jurisdictional amount was met, removal of the case to this Court was improper. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Plaintiff's Motion to Remand (ECF No. 10) and remand the case to the 30th Judicial District Court of Wichita County, Texas.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 23, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE